61
Richard Carrigan
vs.                    } No. 39291
Henry F. Anthony

December 29, 1917

SWEENEY, J. Heard on plaintiff's motion for a new trial.

This is an action of trespass on the case for personal injuries and the declaration is in two counts, the first one charging that the defendant was in control and management of an automobile and the second one charging that the defendant by his servant and agent was in control and management of the automobile.

The negligence alleged in each count is the same and charges that on the 2nd day of May, 1915, while the plaintiff was riding on a horse-drawn vehicle on Ames Street in Dedham, Massachusetts, and while said vehicle was stopped and standing still on said street and plaintiff in the exercise of all reasonable care was alighting from said vehicle, the defendant recklessly, negligently and carelessly drove his automobile from behind said plaintiff and upon the plaintiff while he was alighting from said vehicle, and negligently drove said automobile against and upon the body of the plaintiff and over his left foot and greatly injured the same.

After a three days' trial of the case the jury returned a verdict for the defendant and the plaintiff now asks for a new trial on the ground that the verdict is against the weight of evidence and against the law.

The evidence showed that defendant was driving his own automobile at the time. The evidence also showed that the horse-drawn vehicle on which the plaintiff was riding and the automobile which the defendant was driving were going in the same direction over Ames Street. The plaintiff testified that as he wished to alight from the vehicle on which he was riding he stood up and alighted from the left hand side of the vehicle, which would bring him about in the middle of the road, and that before he alighted he did not look back to see if any automobile was approaching him, and after he had put both feet upon the ground then he struck out with his right foot and then with his left foot, and then the front wheel of the auto was over his left foot.

The testimony of the defendant showed that he was operating his automobile at a moderate speed and in a careful manner and that he was not guilty of any negligence in the handling or management of his automobile at the time.

The plaintiff testified that the accident happened on Sunday, the 2nd day of May, 1915, and the defendant testified that it occurred on Sunday, April 25, 1915, and there was also a variance between the parties as to the hour of the day on which the accident occurred. The defendant produced his diary to corroborate his testimony as to the date of the occurrence of the accident and the weight of the evidence shows that the accident happened April 25, 1915, as claimed by the defendant, and not May 2nd, 1915, as claimed by the plaintiff. The difference between the witnesses as to the date of the accident was not material as affecting the weight to be given to their testimony on this and the other matters in dispute. The testimony of the plaintiff was not clear nor convincing to the Court on many of the material matters, and the jury probably had the same opinion in regard to it. The plaintiff was guilty of negligence in not looking to see if an automobile was approaching at the time he was alighting from the vehicle on which he was riding. If he had turned his head after he had alighted and before he took the two steps forward, he could have seen the defendant's automobile and could have stopped.

The Court has duly considered the evidence in this case and in its judgment the verdict of the jury is in accord with the fair preponderance of the evidence, and the plaintiff's motion for a new trial is therefore denied.

Curley vs. Baldwin (R. I.), 190 Atl. Rep. 1.

For plaintiff: A. B. Crafts and G. B. Crafts.

For defendant: Bliss & Walsh.